IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00752-RM-MEH

OMAR ALABASSI,

    Plaintiff,

v.

COLUMBIA INSURANCE COMPANY,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff, Omar Alabassi, owns a limousine service and claims that on March 23, 2016, while driving his personal vehicle to pick up some clients at the airport (his company vehicles were, apparently, buried in snow), he was involved in a hit-and-run collision in which his vehicle was damaged and he was injured. Plaintiff contacted his personal insurance agent at Allstate and, eventually, worked out a settlement in which Allstate paid Plaintiff benefits for damage to his car. Plaintiff also contacted the Defendant, his commercial insurance provider, seeking benefits for injuries caused by the uninsured motorist. Defendant initially denied Plaintiff's claim, then after this lawsuit was filed, paid Plaintiff the maximum benefits allowed under the policy for medical and uninsured motorist claims.

    Here, following the thrice-extended deadline for joinder of parties and amendment of pleadings, Plaintiff seeks to amend his Amended Complaint to allege negligence against two "new" defendants, his insurance agent and insurance brokerage firm. Mot. 1. The Court finds Plaintiff's amendments to be untimely and unduly prejudicial at this stage of the litigation and, thus, the Court recommends that the Honorable Raymond P. Moore deny the Plaintiff's motion.

**I.     Background**

Plaintiff filed this action against the Defendant in the Arapahoe County District Court, Colorado on February 23, 2017 and, based on diversity jurisdiction, the Defendant removed the action to this Court on March 24, 2017.  ECF No. 1.  This Court held a scheduling conference on May 1, 2017 at which the Court agreed with the parties' proposed case management deadlines, including a deadline of June 12, 2017 for joinder of parties and amendment of pleadings ("amendment deadline").

On June 9, 2017, the parties jointly sought and were granted an extension of the amendment deadline to July 7, 2017 to allow Plaintiff's counsel sufficient time to review Defendant's questions concerning Plaintiff's answer to the counterclaims.  ECF Nos. 45, 48.  On July 6, 2017, the parties jointly sought and were granted a second extension of the amendment deadline to September 1, 2017 to allow sufficient time for the taking of the Plaintiff's deposition on August 3, 2017 and for the setting and taking of the claims adjustor's deposition, which needed to be rescheduled because he became "gravely ill," and which needed to occur (at the Plaintiff's request) at least two weeks before the deadline.  ECF Nos. 49, 51.  On September 1, 2017, the parties sought and were granted a third extension of the amendment deadline to October 12, 2017 because, due to the claims adjustor's paternity leave and Plaintiff's counsel's litigation scheduling conflicts, the adjustor's deposition was not set until September 28, 2017.  ECF Nos. 52, 55.

Meanwhile, Defendant filed a motion to amend its Answer to add certain affirmative defenses in light of discovery as to the Plaintiff's claims.  ECF No. 53.  After briefing, the Court granted the motion and the Amended Answer was filed on October 30, 2017.  ECF Nos. 74, 75.  In addition, the Court grant two joint motions to extend the expert disclosure deadlines.  ECF Nos. 62, 73.  However, the discovery cutoff stayed the same at December 19, 2017.  ECF No. 40.

Plaintiff filed the present motion on November 6, 2017 arguing that he learned new information during discovery leading to his requested amendments. Specifically, Plaintiff contends that during his own deposition on August 3 and August 9, his testimony revealed that the proposed new Defendants, T.I.B. Insurance Brokers and Josef Ortiz, "did not make a sufficient offer of UM coverage to Plaintiff" and did not follow through on a promise to procure coverage for vehicles that Plaintiff rented, leased, or borrowed for his business. Mot. 5. Furthermore, the insurance application allegedly reveals inconsistencies demonstrating additional negligence on the part of these proposed parties. *Id.* 6. Plaintiff asserts that it was not until he took the claims adjustor's deposition on September 28, 2017 that "[i]t became clear . . . that T.I.B. and Mr. Ortiz played a larger role in the sale of insurance to Plaintiff than originally assumed." *Id.* 6–7. Plaintiff states that he then obtained the adjustor's deposition transcript and "reviewed the evidence with a Colorado licensed insurance producer on October 27, 2017 to discuss whether T.I.B.'s and Mr. Ortiz's conduct met industry standard and to comply with the requirements of C.R.S. § 13-20-602," who then determined that the proposed defendants' conduct "fell below the standard of care for Colorado insurance producers." *Id.* 7.

## II. Legal Standards

Amendment to a pleading is governed by Fed. R. Civ. P. 15. Rule 15, which provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

### III. Analysis

Because Plaintiff filed his motion after the amendment deadline, Defendant is correct that granting Plaintiff's motion pursuant to Rule 15(a) would require a modification of the Scheduling Order. *See Gorsuch, Ltd., B.C. v. Wells Fargo Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Thus, the Court employs a two-step analysis. First, the Court evaluates whether Plaintiff demonstrates good cause allowing modification of the Scheduling Order; if Plaintiff shows good cause, he must also meet the requirements of Fed. R. Civ. P. 15(a). *Id.*

#### A. Good Cause for Modification under Rule 16(b)

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240. "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Colo.*

*Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). To show good cause, Plaintiff "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter*, 451 F.3d at 1205 n.4.

Notably, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). Thus, a failure to seek amendment within the deadline may be excused if due to oversight, inadvertence or excusable neglect. *Id.* Additionally, learning information underlying the amendment through discovery that occurs after the deadline set forth in the Scheduling Order constitutes good cause to justify an extension of that deadline. *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

First, the Court notes Plaintiff's argument that the proposed defendants' negligence is partly "revealed" in the insurance application; however, Plaintiff does not mention *when* he received a copy of the application. Mot. 6. The documents produced by Defendant demonstrate that Plaintiff served a subpoena on T.I.B. on or about June 22, 2017 seeking the production of "applications for insurance" on or before July 7, 2017. ECF No. 81-2. In addition, Defendant disclosed to Plaintiff on June 29, 2017 the documents produced by T.I.B. to Defendant based on Defendant's subpoena. ECF No. 81-1. These documents, unrebutted by the Plaintiff, show Plaintiff received such information *before* the amendment deadline.

Next, although Plaintiff joined in three motions seeking extensions of the amendment deadline, he did nothing—and provides no explanation for doing nothing—to seek a further extension of the amendment, even while admitting he knew at or following the claims adjustor's deposition on September 28, 2017 that T.I.B. and Ortiz had a "greater role" in causing the Plaintiff's

damages.[1] It was Plaintiff who stated his need for two weeks after the adjustor's deposition within which to amend his pleading, and the deadline fell exactly two weeks after the deposition, but Plaintiff did nothing in that time frame. Rather, it was another twenty-five days before Plaintiff filed the present motion.

Plaintiff argues that he met with a "Colorado licensed insurance producer" on October 27, 2017 to discuss his suspicions about T.I.B. and Ortiz and to "comply" with the requirements of Colo. Rev. Stat. § 13-20-602. However, at this time, Plaintiff must have anticipated (as he had three times previously) that amendments might be necessary based on his suspicions, but again Plaintiff fails to explain why he did nothing to seek an extension. *See Gorsuch, Ltd., B.C.*, 771 F.3d at 1240.

The Court finds Plaintiff fails to demonstrate good cause for modifying the amendment deadline in this case and, on this basis, recommends that Judge Moore deny Plaintiff's motion.

B.     Undue Delay and Prejudice

In accordance with *Gorsuch*, the Court need not proceed to an analysis of whether Plaintiff meets the requirements of Fed. R. Civ. P. 15(a). *Id.* at 1242. However, in the interest of completeness, the Court will address Defendant's other challenges to the motion.

Regarding "undue delay," the important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co.,* 893 F.2d at 1185.

As set forth above, the Court has found Plaintiff fails to proffer an adequate explanation for

---

[1] Plaintiff seems to argue that "review of the transcript of the [adjustor's] deposition" was necessary to make this determination, but does not explain why. Reply 2.

6

his delay in seeking the proposed amendments. In addition, the Court finds that Plaintiff's proposed amendments, including adding two new defendants and claims, would be unduly prejudicial if permitted so close to the discovery cutoff in this case. Courts typically find prejudice only when the amendment unfairly affects the parties "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Plaintiff cites this Court's October 30, 2017 order finding "no prejudice resulting from the requested amendments . . . particularly where, as here, the discovery cutoff is more than a month hence and can be extended on a showing of good cause." ECF No. 74. While, at *that* time, the discovery cutoff could have been extended, at *this* time (and just days after the present motion was ripe), the discovery cutoff passed and Defendant has since filed a motion for summary judgment in accordance with the Scheduling Order. The Court agrees that Defendant would be negatively affected in terms of preparing a defense and, thus, unduly prejudiced by the addition of two new defendants and new claims at such a late juncture.

C. "Stay" of Expert Disclosure Deadline

Plaintiff argues that "[i]f the instant motion is granted, T.I.B. and Mr. Ortiz will be added to this lawsuit and they will need time to conduct their own discovery and time to endorse their own experts." Mot. 8. The Court would agree that extension of the discovery deadlines might be in order with the addition of new parties and/or claims; however, because the Court recommends denial of the proposed amendments, the Court finds no cause to extend the deadlines any further.

**IV. Conclusion**

Having found Plaintiff's proposed amendments to be untimely, unduly delayed, and unduly prejudicial, the Court respectfully recommends that Judge Moore **deny** Plaintiff's Motion for Leave to Amend Complaint to Add Defendants T.I.B. Insurance Brokers, Inc. and Josef Ortiz and to Stay

7

Expert Disclosure Deadline [filed November 6, 2017; ECF No. 76].[2]

Dated at Denver, Colorado, this 30th day of January, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).